UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC<br>-and-<br>INTELLECTUAL VENTURES II LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.,<br><br>  Defendant. | Civil Action 6:21-cv-00226-ADA |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO TRANSFER</u>**

3970352.v1

Plaintiffs, Intellectual Ventures I LLC and Intellectual Ventures II LLC (together "IV"), respectfully submit this surreply in opposition to the motion of defendant, Hewlett Packard Enterprise Co. ("HPE"), to transfer to the Northern District of California ("NDCA").

## I. INTRODUCTION

In its opposition brief, IV identified myriad witnesses in Texas, including employees of HPE and third parties. Opp. at 7-9. In its Reply, HPE incorrectly asserts that IV has not sufficiently identified the relevance of these Texas-based witnesses. Reply at 1. For example, IV identified the Texas-based witnesses by name and job title (e.g. engineers, sales personnel, management etc.) *See*, *e.g.*, Ex. E and H.[1] In contrast, HPE has failed to identify by name a single HPE, Qualcomm, Broadcom or CNCF witness in the NDCA. HPE's argument that none of the local HPE employees or third party witnesses identified by IV in Texas has any relevant knowledge is simply not credible. HPE's argument that IV has failed to sufficiently identify witnesses in Texas must be rejected given HPE's failure to identify witnesses by name.

In its Introduction, HPE also states that it sold the data center in Austin years ago. Reply at 1. Yet, HPE does not explain how or why it is specifically identified in the Travis County tax records for the year 2021 as the current owner of the "DATA CENTER" property in Austin. *See* Ex. G. In addition, HPE cannot deny that it maintains a large corporate presence in Austin (in addition to its corporate headquarters in Houston)[2] at which hundreds of employees, such as

---

[1] Unless otherwise noted, the exhibits referred to herein are attached to the Declaration of Jonathan DeBlois (Dkt. No. 36-1) filed with IV's opposition brief (Dkt. No. 36). Additional exhibits are attached to the Declaration of Robert R. Gilman ("Gilman Decl.") filed herewith.

[2] HPE does not dispute IV's assertion (Opp. at 1-2) that HPE obfuscates regarding the location of its headquarters (Houston) in an effort to have this case transferred to NDCA.

engineers, sales personnel and management, are employed in connection with the accused products in this case.

## II.     ARGUMENT

A.     <u>EASE OF ACCESS TO PROOF</u>

IV pointed out that HPE is a large technology company with offices in Austin at which it can readily download documents for purposes of discovery and trial. *See* Opp. at 5-6. HPE's Reply does not deny this. Instead, HPE argues that it does not currently own the data centers in Austin. *See* Reply at 2. Tellingly, HPE has not disclosed whether or not it currently maintains any data centers elsewhere in this District, or at its corporate headquarters in Houston, or elsewhere in Texas. As HPE does not assert that it maintains any data centers in the NDCA, it can safely be assumed that it has no data center there.

HPE argues that it "does not have any data centers in Austin" because it sold the property at 3301 Hibbetts Road to DXC in 2018. Reply at 2. HPE also claims that the property located at 3302 Hibbetts Road is valued at a mere $156. Reply at 2. This is misleading because, in Travis County alone, HPE (including SDC d/b/a HPE) has in excess of $115 million listed in appraised property value located in Austin identified for tax purposes as specifically including two "HEWLETT PACKARD DATA CENTER[S]." *See* Gilman Decl., Ex. A, p. 2. Moreover, the public records indicate that HPE transferred the data center property to one or more related entities and is apprently controlled by HPE. *See infra*. Notably, HPE does not assert that the sale of the data center property in Austin precludes it from easily downloading documents at its large corporate office in Austin or at the data center on the "property" in Austin that it sold to DXC.[3]

---

[3] HPE also argues under this factor that IV identifies Docker, Google and Broadcom employees who "happen to live" in this District. Reply at 2. As witnesses are not considered under this factor, *In re Apple*, 979 F.3d 1332, 1339 (Fed. Cir. 2020), HPE's argument should be rejected.

2

Although HPE asserts that the Austin data center "property" was sold to DXC (Reply Ex. A), HPE and DXC operate essentially as the same company. On April 1, 2017 HPE spun off its Enterprise Services business to form DXC. *See* Gilman Decl., Ex. B. DXC still maintains a relationship with HPE such that DXC advertises HPE and DXC as being essentially the same company. *See* Gilman Decl., Ex. C. Also, DXC holds itself out to third party contractors as being a Hewlett Packard Enterprise Company. *See* Gilman Decl., Ex. D, ¶ 2. Even assuming one takes into account a transfer of the Hibbetts Road data center real estate to SDC,[4] the 2021 property tax records clearly state that the facility is still used as an HPE data center. *See* Gilman Decl., Ex. E. Furthermore, the 2021 tax records state that HPE still maintains significant amounts of personal property at this facility. *See id.*

B.   COMPULSORY PROCESS

HPE argues that, notwithstanding its large presence here and HQ in Houston, the relevant witnesses "are concentrated" in the NDCA and that IV simply lists many HPE employees that IV found in Texas. Reply at 4-5. IV has done more than that, and more than HPE has done to identify relevant witnesses in the NDCA. In its opposition, IV listed by name and job title many Austin-based HPE employees, including engineers, sales personnel and a management. *See* Exs. E and H. It would require a monumental and unrealistic statistical anomaly to support the inference sought by HPE that none of these witnesses has relevant knowledge regarding the accused products (that are among HPE's best revenue-generating lines). Moreover, notwithstanding the argument that its employee-witnesses with relevant knowledge "are

---

[4] According to HPE, SDC acquired the property on April 9, 2021. *See* Ex. A to HPE Reply. The complaint in this action was filed on March 9, 2021. *See* ECF No. 1. Venue is determined by the circumstances that existed as of date the complaint was filed. *Moler v. Wells*, -- F.4th --, 2021 WL 5232386, at *2 n. 7 (5th Cir. Nov. 10, 2021). Accordingly, this Court should disregard HPE's post-filing transfer of real property to SDC.

3

concentrated" in the NDCA, HPE does not identify a single individual there by name. Also noteworthy, HPE does not challenge IV's list of nine Texas-based HPE customers (Opp. at 8) as potential witnesses having relevant knowledge. On balance, therefore, IV has provided far more detailed information regarding witnesses here than HPE's generalized allegation that unnamed witnesses are concentrated in the NDCA.[5]

C.     WILLING WITNESSES

HPE argues that "the Federal Circuit regularly considers witnesses in assessing both the compulsory process and witness convenience factors." Reply at 4 (citing *In re Genentech*, 566 F.3d at 1345). But, as the Federal Circuit has held, Fifth Circuit law governs motions to transfer. *See*, *e.g.*, *In re TS Tech*, 551 F.3d at 1319. HPE does not cite any Fifth Circuit case that allows double-counting of witnesses under the compulsory process and willing witness factors. Instead, HPE asserts that IV relies upon "EDTX precedent." Reply at 4. But, this Court also recently cautioned against "double-dipping in the [1404(a) transfer motion] analysis." *See ACQIS LLC v. MiTAC Computing Tech. Corp.*, No. W-20-cv-00962, 2021 WL 4805431, at *5 (W.D. Tex. Oct. 14, 2021). HPE should not be permitted to double-count its witnesses in this case. *Id.*

D.     OTHER PRACTICAL PROBLEMS

Cognizant that it is on the wrong end of the argument, HPE briefly asserts that "[t]his Court's familiarity with two of the seven asserted patents from an unrelated case against VMware does 'not override a compelling showing of transfer.'" Reply at 5. As set forth above, HPE has not made any such "compelling showing." In addition, this Court's "familiarity" with

---

[5] HPE argues that "twice as many inventors [6] are located in the NDCA as in this District [3]." Reply at 4. However, whereas IV has identified by name hundreds of other potential witnesses in this District (Exs. E and H), HPE has identified none by name in the NDCA. Therefore, this factor weighs against transfer, notwithstanding the 6-3 split of inventors.

the two patents is detailed, including two *Markman* hearings that resulted in a claim construction order in one case, and preliminary constructions in the other. *See* Opp. at 13-14 (citing Exs. T and U). Also, HPE does not deny IV's assertion (Opp. at 14) that no Court in the NDCA has any experience with the patents asserted in this case. As judicial economy plays a "paramount role" in the transfer analysis, *In re Vistaprint*, 628 F.3d 1342, 1346 (Fed. Cir. 2010), this Court's recent, in-depth experience in construing these IV patents "weighs heavily against transfer." *See*, *e.g.*, *SynKloud Techs. LLC v. Dropbox, Inc.*, No. 6:19-cv-00526, 2020 WL 2528545, at *6 (W.D. Tex. May 18, 2020), *mandamus denied by* 814 Fed. Appx. 598 (Fed. Cir. 2020).

E. <u>PUBLIC INTEREST FACTORS</u>

In its Reply, HPE states that "[a]ll of the public interest factors weigh in favor of transfer or are neutral." Reply at 5. To clarify, in its opening brief, HPE argued that only the local interest factor favored transfer, and the other three public factors are neutral. *See* Open. Br. at 14-15. Thus, HPE concedes that three of the four public interest factors do not weigh in favor of transfer. HPE glosses over IV's argument that this Court recently determined that statistics show that cases get to trial much faster here than in the NDCA. *See* Opp. at 13-14 (citing *Express Mobile v. Atlassian*, 2021 WL 3355375, at **9-10). This factor weighs against transfer. *Id.* As to local interest, HPE simply repeats its argument that the accused products were "primarily developed" in the NDCA. *See* Reply at 5. This District, however, has a substantial local interest in this dispute due to HPE's large corporate presence here and the data center(s) in Austin used by HPE to conduct the alleged ongoing infringing activities (irrespective of who now owns the property). No such data center is located in the NDCA.

**III. CONCLUSION**

For the reasons set forth above, HPE's motion to transfer should be denied.

Dated: November 12, 2021 	Respectfully submitted,

	*/s/Derek Gilliland*
	Derek Gilliland
	State Bar No. 24007239
	derek@soreylaw.com
	SOREY & GILLILAND LLP
	133 E. Tyler Street
	Longview, TX 75601
	Tel: (903) 230-5600

	Paul J. Hayes
	phayes@princelobel.com
	Matthew D. Vella
	mvella@princelobel.com
	Robert R. Gilman
	rgilman@princelobel.com
	Jonathan DeBlois
	jdeblois@princelobel.com
	Thomas Fulford
	tfulford@princelobel.com
	PRINCE LOBEL TYE LLP
	One International Place, Suite 3700
	Boston, MA 02110
	Tel: (617) 456-8000

	COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 12, 2021.

	*/s/Derek Gilliland*